JUTE INDUSTRIES, Limited, v. UNITED STATES.

No. E-125.

Court of Claims.

Oct. 20, 1930.

Robert Ash and Thomas J. Reilly, both of Washington, D. C., for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

Plaintiff brings this suit to recover $19,-008.72 with interest, alleging that this sum has been overpaid on its income and excess-profit taxes.

It appears that during the period in question the plaintiff, a corporation selling goods for J. & A. D. Grimond (Limited), of Dundee, Scotland, and other concerns, filed income and excess-profit tax returns for the fiscal years ending March 31, 1918, March 31, 1919, and March 31, 1920. For the period of January 1, 1918, to March 31, 1918, it paid income and excess-profit taxes in the amount of $1,512.97. For the fiscal years ending March 31, 1919, and March 31, 1920, it paid income and excess-profit taxes in the amount of $17,495.75.

For the taxes so paid the plaintiff duly filed claims for refund on the ground that it was entitled to classification as a personal-service corporation under the provisions of the revenue act of 1918. These claims for refund were denied, and plaintiff now brings this suit to recover the amount so paid. The sole issue in the case is whether the plaintiff was entitled to be classified as a personal-service corporation.

The Revenue Act of 1918 (40 Stat. 1057, 1058) provides, among other things:

"Sec. 200. That when used in this title—
* * *

"The term 'personal service corporation' means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor. * * * *"

The defendant contends that the plaintiff was not "a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation," and we think this contention must be sustained.

The taxes paid were for a period beginning with March 31, 1917, and ending with March 31, 1919, being the three fiscal years ending March 31, 1918, March 31, 1919, and March 31, 1920. During the period in question the plaintiff had issued and outstanding 5,000 shares of preferred stock and 5,000 shares of common stock, each share of each class having a par value of $5. The evidence shows without dispute that from June 14, 1917, to April 1, 1919, the corporation of J. & A. D. Grimond, of Dundee, Scotland, owned 2,499 shares of plaintiff's preferred stock and 1,980 shares of its common stock; that from April 1, 1919, to October 1, 1919, said corporation owned 2,499 shares of plaintiff's preferred stock and 2,970 shares of its common stock; and that from October 1, 1919, to June 29, 1921, the said Dundee corporation owned 2,500 shares of plaintiff's preferred stock and 2,470 shares of its common stock. In other words, during the periods above named the Dundee corporation owned only one share less than half or half of the preferred stock, and of the common stock from about two-fifths to more than half thereof. It is apparent that it was one of the principal stockholders, whose activities are referred to in the statute as necessary to create a "personal-service corporation." The statute further provides that such stockholders must be "themselves regularly engaged in the active conduct of the affairs of the corporation." This Dundee corporation had nothing to do with the active conduct of the affairs of the plaintiff. It is quite clear that this part of the statute refers to the management of the concern which claims to be a personal-service corporation, or some kind of personal service connected with the operation of its affairs. From the very nature of the thing required, being a corporation, the Dundee company could not perform personal services for the plaintiff or bring itself within the provisions of the statute. For these reasons alone we are clear that plaintiff was not within the meaning of the law a "personal-service corporation" during the period in question.

What was said above is sufficient to dispose of the case, but the defendant says that other stockholders, who, together with the Dundee corporation, owned practically all the stock of the plaintiff, were not regularly engaged in the active conduct of the affairs of the corporation, being absent from New York, where the plaintiff carried on its business during nearly all of the period involved. One of these stockholders was H. N. Gildea, who was president of the company and during most of the period in question owned half of the preferred stock and 1,000 shares of the common stock. He was therefore one of the principal stockholders, but appears to have been abroad from May, 1917, until May or June, 1919, as was also Mr. Paynter, who was another of the principal stockholders and secretary of the plaintiff. During the absence of these officers of plaintiff, its business was carried on by W. M.

Cooper with the assistance of a bookkeeper-stenographer.

It may well be argued, as counsel for defendant does, that the fact that Gildea and Paynter had nothing to do with the management of the affairs of the plaintiff during the period mentioned in the preceding paragraph is also sufficient to prevent the plaintiff from being entitled to classification as a personal-service corporation, but we do not find it necessary to so decide.

It follows from what has been stated above that the plaintiff's petition should be dismissed, and it is so ordered.