BOWRING & CO. v. UNITED STATES.
No. H–14.

Court of Claims.
June 1, 1931.

Allen G. Gartner, of Washington, D. C., for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Fred K. Dyan, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

PER CURIAM.

Donald Horne, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Chas. B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, WHALEY, LITTLETON, and GREEN, Judges.

WILLIAMS, Judge.

This is a case in which the plaintiff seeks a refund of income and excess profits taxes paid for the years 1918 and 1919, with interest thereon as provided by law.

The basis of the plaintiff's claim is that it was a personal service corporation during the years in question, as defined in section 200 of the Revenue Act of 1918 (40 Stat. 1058), and as such was exempt from income and profits taxes.

The case was referred by the court to a commissioner to take the testimony of the parties and report the facts. Neither the plaintiff nor the defendant has filed exceptions to the report of the commissioner, and the facts as reported by him have been adopted by the court as the facts herein. The findings disclose that the plaintiff was during the years in question a domestic corporation, and that its entire capital stock, which was $250,-000 for 1918, and $1,000,000 for the year 1919, was owned by C. T. Bowring & Co., a British corporation.

The plaintiff's income upon which the taxes sought to be recovered were imposed was primarily ascribed to the activities of the principal owner, C. T. Bowring & Company, less than 50 per cent. of such income being derived from trading as a principal and none from government contracts.

The pertinent provisions of the Revenue Act of 1918 as are follows:

"Sec. 200. That when used in this title—
* * *

"The term 'personal service corporation' means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include any foreign corporation, nor any corporation 50 per centum or more whose gross income consists either (1) of gains, profits or income derived from trading as a principal or (2) of gains, profits, commissions, or other income derived from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive. * * * *"

"Sec. 218 * * * (e). Personal service corporations shall not be subject to taxation under this title, but the individual stockholders thereof shall be taxed in the same manner as the members of partnerships. All the provisions of this title relating to partnerships and the members thereof shall so far as practicable apply to personal service corporations and the stockholders thereof: Provided, That for the purpose of this subdivision amounts distributed by a personal service corporation during its taxable year shall be accounted for by the distributees; and any portion of the net income remaining undistributed at the close of its taxable year shall be accounted for by the stockholders of such corporation at the close of its taxable year in proportion to their respective shares." 40 Stat. 1070.

Article 1524 of Regulations 45 and 62, as originally promulgated, provided:

"A corporation can not be considered a personal-service corporation when another corporation (not itself a personal-service corporation) owns or controls substantially all of its stock, or when substantially all of its stock and of the stock of another corporation (not itself a personal-service corporation) forming part of the same business enterprise is owned or controlled by the same interests. See section 240 of the statute (40 Stat. 1081), and articles 631–638."

This language was subsequently, on April 30, 1927, stricken from article 1524, and the following was substituted in lieu thereof:

"A corporation can not be considered a personal-service corporation when another corporation is one of its principal owners or stockholders. (See Cumulative Bulletin VI–I, p. 161.)"

The Commissioner of Internal Revenue, in denying to plaintiff a personal service classification, followed the foregoing regulation. We think the regulation is a reasonable interpretation of the provisions of the statutes above quoted defining personal service corporations and that the action of the commissioner was correct. Jute Industries v. United States, 44 F.(2d) 452, 70 Ct. Cl. 492.

The statute provides the term "personal-service corporation" means a corporation whose income is to be ascribed primarily to the activities of the principal owners, or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation. The sole owner and stockholder of the plaintiff was another corporation. From the very nature of the thing required by the statute—that the principal owners or stockholders "must be regularly engaged in the active conduct of the affairs of the corporation"—the British corporation could not and did not perform personal services for the plaintiff. The affairs of the plaintiff company were conducted, not by persons

476

owning stock in the plaintiff company, but by officers of another corporation. The law clearly and unquestionably, we think, contemplates that the stockholders or owners of a corporation seeking a personal service classification must themselves have been actively engaged in conducting the affairs of such corporation. The character of services required cannot be performed by officers of another corporation which happens to be the principal or the sole owner of the corporation asking for such classification.

Obviously, the plaintiff fails to bring itself within the requirements of the statute, and the petition must be dismissed. It is so ordered.